TERENCE CONNELLY, Administrator, *vs.* MINNEAPOLIS EASTERN RAILWAY COMPANY.

### December 27, 1887.

**Master and Servant — Fellow-Servants — Engineer and Trackmen.** — A railroad company is not responsible to its section or trackmen for the negligence of the engineer or brakeman of a train, they being fellow-servants.

**Railroad Companies — Negligence — Pleading.** — A complaint charging the company only with negligence in the movement of a particular train without warning, does not involve, as a cause of action, the neglect of the company to establish general regulations for the conduct of its servants in such cases.

The plaintiff, administrator of the estate of James Jordan, deceased, brought this action in the district court for Hennepin county, to recover $5,000 damages for the alleged negligence of the defendant resulting in the killing of the deceased. Upon the trial, before *Young,* J., and a jury, the court dismissed the action after plaintiff rested his case. Plaintiff appeals from an order refusing a new trial.

*Merrick & Merrick,* for appellant.

*W. H. Norris,* for respondent.

DICKINSON, J.   We are of the opinion that the court properly dismissed the action for the insufficiency of the plaintiff's case.

The plaintiff's intestate was one of the section or track men of the defendant, and employed upon its tracks used for transfer and switching purposes at Minneapolis.   From the depot two tracks of the defendant (coming together at a switch at that point) extend upon a curve in a south-easterly direction to and beyond the place of the accident.   One of these may be called the "main" track, and the other the "side" or "mill" track.   A short time before the accident, a train of freight cars of considerable length had been run on the main track, and left standing there, extending from near the place of the accident up towards the depot.   While these cars were standing there, the deceased, with his fellow-laborers, commenced the work of straightening a rail on the same track, and within less than 30 feet of the southerly or rear end of the train.   While this was being done, the engine which did the business of switching and transferring cars about these premises, drew up several other cars over the side track, past the place of the accident, to the depot switch, and shoved them back on the main track, bringing them forcibly in contact with the cars already standing there, for the purpose of bunting the whole train backward, so that the cars should clear the switch.   Just at this time the deceased stepped from the point where he was working still nearer the rear end of the train, and, turning his back to it, stood upon the track for the purpose of taking a sight at the rail to see if it was straight.   In this position he was struck in the back by the train as it was suddenly forced backward as above stated.   From the injuries thus received he died.   The operations of the engine at the depot switch, at the other end of the train, could not be seen from the place where these men were working.   There were several other tracks of other railroads in this immediate vicinity, and so many engine bells were ringing that these workmen could not have heard or distinguished the bell of this engine if it had been ringing, nor, because of the noise made by other moving trains, would these men be likely to notice or hear the movement of these cars.   The brakemen were not upon the cars, but upon the ground near by, at the time of the accident.   The deceased could as well have gone in the other di-

v.38m—6

rection for the purpose of sighting along the track, and this would have been unattended by apparent danger. The only ground of action assigned in the complaint was the negligent driving of these cars, without warning, upon this track and against the cars already there, thus forcing the latter backward so as to strike the deceased.

This statement of the case presented on the part of the plaintiff makes obvious the correctness of the action of the trial court. If the case had turned upon the points as to whether the deceased was not legally chargeable with contributory negligence, and whether he had not knowingly accepted and assumed the risk which proved fatal, there would have been strong grounds for sustaining the ruling in question; for, apart from the obvious danger to which the deceased voluntarily exposed himself, the evidence, to all of which we have not referred, is wholly opposed to the theory that these men could have expected to receive any actual warning or notice of the movement of these cars. But the trial court seems to have based its action upon the ground that the case did not show the defendant to have been guilty of any negligence, and we prefer to rest our decision upon that ground. If the case showed any negligence in the movement of these cars, it was the negligence only of the fellow-servants of the deceased, for which the employer was not responsible. *Foster* v. *Minn. Cent. Ry. Co.*, 14 Minn. 277, (360;) *Brown* v. *Winona & St. Peter R. Co.*, 27 Minn. 162, (6 N. W. Rep. 484;) *Fraker* v. *St. Paul, M. & M. Ry. Co.*, 32 Minn. 54, (19 N. W. Rep. 349.)

The appellant, in his brief, relies to some extent upon the duty of the defendant to make and promulgate general rules for the conduct of its employes, so far as might be necessary for the protection of co-employes. The case does not involve any such consideration. The complaint does not allege any neglect of duty on the part of the defendant in that respect, nor otherwise than in the movement of these cars on this particular occasion, nor was such a question litigated. The general doctrine as to the duty of the master to afford a safe place for the servant to work in has obviously no applicability in this case. The doctrine adverted to is not opposed to that which holds the master, who is himself blameless, free from responsibility for the negligence of fellow-servants. If this place was unsafe only

because of negligence in the management of these cars, (and no other negligence is alleged,) that is simply the case of danger and injury caused by the wrongful conduct of fellow-servants.

Order affirmed.