GUST LUNDQUIST v. DULUTH STREET RAILWAY COMPANY.[1]

July 3, 1896.

Nos. 9971—(206).

Street Railway—Injury to Employé—Negligence of Fellow Servant.

The defendant, a street-railway company, required by its rules that its employés in charge of its cars should give timely warning by proper signals to its employés engaged in track repairing, of the approach of its cars. The plaintiff in reliance on such rules, and while at work repairing the track of the defendant, as its employé, was struck and injured by a car, by the failure of the motorman to give such signals, and by his running the car at a rate of speed prohibited by law. *Held,* that the plaintiff and the motorman were fellow servants, and that the defendant is not liable to the plaintiff for his injuries resulting from the negligence of the motorman.

[1] Reported in 67 N. W. 1006.

Appeal by plaintiff from an order of the district court for St. Louis county, Morris, J., denying a motion for a new trial.   Affirmed.

*Jno. Jenswold, Jr.*, for appellant.

*Billson, Congdon & Dickinson*, for respondent.

START, C. J.   The defendant is a street-railway corporation, and operates a double-track street-railway line upon Superior street, in the city of Duluth.   On July 10, 1894, the plaintiff, while at work as the servant of the defendant repairing its tracks on that street, was struck and injured by one of its cars which was then being operated along its tracks.   He brought this action to recover damages for such injury, alleging in his complaint that it was due to the defendant's negligence.   At the trial, the defendant, upon the pleadings and certain admissions made by the plaintiff, moved the court to dismiss the case, on the ground that the negligence of which plaintiff complained was that of the motorman, his fellow servant.   The motion was granted, and plaintiff appealed from an order denying his motion for a new trial.

The short facts of the case, as disclosed by the complaint and the admissions at the trial, are these:   The plaintiff was one of a crew of men employed by the defendant, who were engaged in repairing the tracks, by taking up and relaying the pavement between the rails over which the defendant's street cars operated by electric power passed frequently at irregular intervals.   In order to make the place a reasonably safe one for the men thus employed, the defendant adopted a rule whereby it required those in charge of its cars to give timely warning of their approach to the crew, and it was the custom to so do.   The plaintiff pursued his work in reliance upon this rule and custom and a due observance of them by the defendant, and while he was so engaged, and without notice of the approach of the car which struck him, this car approached, at the rate of ten miles an hour, the place where the plaintiff was at work, and the motorman in charge thereof failed to make any effort to slacken its speed, and negligently failed to give any signal or warning of its approach.   The charter of the defendant provides that no car shall be run within the limits of the city at a greater rate of speed than six miles an hour.   The principal question presented by these facts for

our decision is whether the negligence of the motorman was that of a fellow servant or a vice principal.

The provisions of Laws 1887, c. 13,[2] modifying the law as to injuries sustained by one servant by the negligence of his fellow servant in cases of railway companies, have no application to the defendant street-railway company. Funk v. St. Paul City Ry. Co., 61 Minn. 435, 63 N. W. 1099.

Counsel for the plaintiff claims that it was the defendant's duty to furnish to plaintiff a reasonably safe place in which to work, and, as a means of making the place in question safe, it was necessary to give him due warning of the approach of its cars, and, defendant having made a rule requiring the motorman to give such warning, his failure to do so was the negligence of the defendant, and not of a fellow servant. He supports his contention with ability and the citation of adjudged cases in other jurisdictions; but, whatever may be the rule elsewhere, we must hold that the negligence of the motorman was that of a fellow servant, as we regard the question settled by the previous decisions of this court.

It is true, as claimed, that it was the duty of the defendant to use reasonable care to provide a safe place in which the plaintiff was required to work, and that this duty, like the duty to furnish safe machinery and proper appliances for doing the work, was an absolute one, which the defendant could not delegate, so as to be relieved from liability in case the duty was neglected. But if the safe place or safe machinery which the master has furnished and keeps in repair is made unsafe by the negligence of his servants, whom he has selected with due care, in using or operating the place or machinery, and one of his servants is injured thereby, such negligence is that of a fellow servant. Foster v. Minnesota C. Ry. Co., 14 Minn. 277 (360); Collins v. St. Paul & S. C. R. Co., 30 Minn. 31, 14 N. W. 60; Connelly v. Minneapolis Eastern Ry. Co., 38 Minn. 80, 35 N. W. 582; Randall v. Baltimore & O. R. Co., 109 U. S. 478, 3 Sup. Ct. 322.

The plaintiff relies in support of his proposition upon the following cases in this court: Erickson v. St. Paul & D. R. Co., 41 Minn. 500, 43 N. W. 332; Anderson v. Northern Mill Co., 42 Minn. 424, 44 N. W. 315; Westaway v. Chicago, St. P., M. & O. Ry. Co., 56 Minn.

[2] G. S. 1894, § 2701.

28, 57 N. W. 222; Schulz v. Chicago, M. & St. P. Ry. Co., 57 Minn. 271, 59 N. W. 192. These cases are not in point. In the first one the law of fellow servants was not involved, for the plaintiff in that case was not a servant of the railway company, but of an independent contractor. The remark quoted in his brief by counsel, from the opinion and syllabus of the case cited, to the effect that the duty of the defendant to plaintiff in respect to giving proper signals of the approach of trains was the same whether the plaintiff was in its employment or that of its contractor, means only that the railway company owed the same obligation to exercise care for the safety of an employé of a contractor working on or near its tracks as it would if he was its own employé. It is to be remembered that the case arose and the opinion was written after Laws 1887, c. 13 (defining the liabilities of railroad companies for injuries to their servants by the negligence of fellow servants) was enacted. In the second case cited, the negligence of the employé of one person resulted in the injury of an employé of another. No question of fellow servant was involved. The third case related to the duty of a railroad company to a traveler to give its usual signals of the approach of its trains at a private wagon crossing. The last case cited arose after Laws 1887, c. 13, became a law. The plaintiff and the motorman in the case at bar were fellow servants. Neal v. Northern Pac. R. Co., 57 Minn. 365, 59 N. W. 312.

The plaintiff was injured by the negligence of the motorman in failing to give any signal of the approach of the car, or to slacken its speed, as it was his duty to do. But such duties did not appertain to the work of furnishing, constructing, or equipping a safe place for work, or safe machinery for the execution of the work, but to the operation of the street railway; hence his negligence in the premises was that of a fellow servant, and the plaintiff cannot recover.

The plaintiff further claims that the fact that the car which struck him was being run at the time at a rate of speed exceeding six miles an hour, in violation of law, renders the defendant's liability for his injuries absolute. Statutes and ordinances regulating the speed of railway trains, providing for the giving of signals at crossings, and for fencing the right of way, do not abrogate the qualifying principles of the common law relating to contributory negligence, assumption or risks, and injuries by the negligence of fellow servants. Randall

v. Baltimore & O. R. Co., supra; Fleming v. St. Paul & D. R. Co., 27 Minn. 111, 6 N. W. 448; Johnson v. Chicago, M. & St. P. Ry. Co., 29 Minn. 425, 13 N. W. 673; Moser v. St. Paul & D. R. Co., 42 Minn. 480, 44 N. W. 530. The fact that one of the acts of negligence of the motorman complained of in this case was prohibited by law does not affect the question of the liability of the defendant to the plaintiff for injuries resulting solely from the negligence of his fellow servant.

Order affirmed.