STOCKS, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, March 15, 1904.**

1. **STREET RAILWAYS: Fellow-Servants.** The fellow-servant statute (Revised Statutes of 1899, section 2873), relating to the liability of railway corporations, does not apply to street railway companies, and as to them, the rule of common law that a master is not responsible for injuries to a servant through the negligence of a fellow-servant, is still in force.

2. ———: ———: **Employees in Different Departments.** A conductor on a trolley car is the fellow-servant of a motorman operating another trolley car for the same company, so that the former can not recover damages for injuries received while in the discharge of his duty through the negligence of the latter.

Appeal from St. Louis City Circuit Court.—*Hon. Warwick Hough,* Judge.

REVERSED.

*Boyle, Priest & Lehmann* and *George W. Easley* for appellant.

The demurrer to the plaintiff's evidence should have been sustained (1), because the plaintiff and the motorman were fellow-servants, and the Revised Statutes 1899, sec. 2873, do not apply to street railways. 1 Elliott on Railroads, sec. 4; Elliott on Roads and Streets, pp. 557-558; Bloxham v. Railroad, 36 Fla. 539, 18 South. 446, 29 L. R. A. 209; Railroad v. Railroad, 2 Duv. (Ky.) 175; Gyger v. Railroad, 136 Pa. St. 96, 20 Atl. 399; Trust Co. v. State, 35 S. E. 223; Foote & Everett Inc. Cos., 698, note; Ellington v. Lumber Co., 93 Ga. 53, 19 S. E. 21; Loan & Trust Co. v. Hamilton, 88 Fed. 588; Ferguson v. Sherman, 116 Cal. 169, 47 Pac. 1023; Funk v. Railway, 61 Minn. 439, 29 L. R. A. 208; Fallon v. Railway, 4 Am. Neg. (Mass.) 288; Saunders v. Railroad, 98 Tenn. 130, 41 S. W. 1031; Williams v. Railway, 41 Fed. 566; Trust Co. v. Railway, 68 Fed. 82; Thompson-Houston Elec. Co. v. Simon, 20 Ore. 60; Byrne v. Railway, 61 Fed. 605; Sears v. Railroad, 65 Ia. 742; Const. of Mo., art. 12, secs. 17-20; McQuillin's Munic. Code, p. 274, sec. 6 and note Q; Railway v. Mackey, 127 U. S. 205; Powell v. Sherwood, 162 Mo. 605; Railroad v. Montgomery, 152 Ind. 12, 49 N. E. 587; 11 Notes U. S. 566; Suth. on Stat. Construction, secs. 207, 250, 290; State ex rel. v. Garrett, 76 Mo. App. 295; Philips on Mech. Liens., secs. 17, 18; Railway v. Johnson, 2 Wash. St. 112, 25 Pac. 1084; Connor v. Railway, 109 Fed. 932; Massilon Bridge Co. v. Cambria Iron Co., 59 Ohio St. 179, 52 N. E. 192.    (2)    Because the statute, if held applicable to street railways, would violate the fourteenth amendment to the Constitution of the United

States in that it makes an unnatural and unreasonable classification and deprives the defendant of the benefit of the common law rule as to the non-liability of the employer for the negligence of the employee, resulting in damage to his fellow, and deprives the defendant of the equal protection of that rule of law which is extended to all others of its class and category. Railroad v. Ellis, 165 U. S. 155; State v. Loomis, 115 Mo. 307.

*E. T. Farish* for respondent.

The defendant contends, though not pleaded, that the fellow-servant law was never intended to apply to street railways. That law is, section 2873, Revised Statutes 1899, providing: "That every railroad corporation owning or operating a railway in this State shall be liable for all damages sustained by any agent or servant thereof while engaged in the work of operating such railway by reason of the negligence of any other agent or servant thereof; provided, that it may be shown in evidence that the person injured was guilty of negligence contributing as proximate cause to produce the injury." Laws of 1897, p. 96. Fink v. Railroad, 61 Minn. 435; Chicago v. Evary, 24 Ill. 552; Clinton v. Railway, 37 Iowa 61.

GOODE, J.—This plaintiff was hurt while he was employed by the defendant as conductor on one of its trolley cars. He alleges in his petition, and his evidence tends to prove, that the injury he received was caused by the negligence of a motorneer operating another trolley car; not by any negligence of the defendant company in the discharge of duties which can not be delegated to employees; therefore, the decisive question in the case is whether the plaintiff and said motorneer were fellow-servants. If they were, the defendant is not liable; for the Supreme Court has decided that the fel-

low-servant statute (R. S. 1899, sec. 2873) providing that a railway corporation shall be liable for all damages sustained by an agent or servant thereof while engaged in the operation of the railway, by reason of the negligence of any other agent or servant, does not apply to street railway companies; thereby leaving in force, as to said companies, the rule of the common law that a master is not responsible for an injury to a servant due to the negligence of a coservant. Sams v. Railroad, 174 Mo. 53. This court took a different view of the statute and on the first hearing affirmed the present case; but pending the motion for a rehearing the Sams case was decided and is now the law of the State.

The trolley car on which plaintiff was conductor July 7, 1900, became disabled, and in accordance with a rule of the company was started to the sheds on Geyer avenue to be repaired. It had proceeded westwardly on said avenue to a point opposite the company's power house, and just west of the west end of a track connecting the north and south tracks, called a "cross-over," used to switch cars from one track to the other. Plaintiff's car was on the north track, as it was proceeding westward. After it had reached the west end of the "cross-over," plaintiff changed his trolley pole from the east to the west end of the car so as to run over the connecting track into the power house or shed. Having adjusted the trolley pole, he tried to open the gate on the south side of the west vestibule of his car in order to get on the platform, and while doing so, the motorneer of the California avenue line carelessly ran a car against him, inflicting the injury complained of.

The decisions in this State relating to when two or more persons employed by a common master are fellow-servants in such sense that a master is not liable for injuries inflicted on one by the negligence of another, are far from harmonious as to the criterion of coservice, and we shall not attempt to formulate a principle of universal application in determining the question.

Those cases most favorable to the suits of employees, as mitigating somewhat the rigor of the common law, hold employees to be coservants only when their duties are so related and associated as to enable them to observe and have an influence over each other's conduct and report delinquencies to a common correcting power; that employees engaged in different departments are not fellow-servants. Relyea v. Railroad, 112 Mo. 86. The principle of the case just cited and the group of facts on which the decision rests, make the plaintiff and the motorneer of the other car, fellow-servants. Both were in the operating department of the defendant company and charged with the management of cars. In the Relyea case it was ruled that a brakeman on one freight train was a fellow-servant of a fireman on another freight train, because they were in the same department of service and operating trains over the same division of the road. In consequence, it was held that Relyea's widow could not recover damages for his death while acting as fireman on a freight train, caused by certain detached cars of another train running into the one he was on. The accident was due to the negligence of a brakeman on the other train in failing to set the brakes of the cars. It should be stated that the doctrine of the Relyea case in favor of the departmental test of coservice, has been shaken by later decisions. Card v. Eddy, Grattis v. Railroad, infra.

In Schaub v. Railroad, 106 Mo. 74, a brakeman on a freight train was knocked from the side-ladder of one of the cars by some detached cars that had been left on a side track too close to clear a man on said side-ladder. At least, that was the theory on which recovery was sought. It was held that some agent or employee of the railway company had negligently placed the detached cars in their position on the switch; but that the railway company was not liable for the consequences, because the brakeman who was killed was a fellow-servant of the employee who had set the cars on the side track.

In Sherrin v. Railroad, 103 Mo. 378, it was ruled that two foremen of different gangs of section men working independently of each other but under the same roadmaster, were fellow-servants. The material facts of that case were, in their bearing on the fellow-servant question, practically identical with those before us. The deceased was the foreman of one railroad section gang and was killed while riding to his work on a handcar, by a collision with another handcar, in charge of another section foreman, whose negligence caused the collision. The reader is referred to that and other decisions of the Supreme Court for an elucidation of the principles on which must rest the decision of when employees of the same master are fellow-servants. We put our decision of the present controversy on the exact precedents which exist in this State and elsewhere. Moore v. Railroad, 85 Mo. 588; Relyea v. Id., supra; Dixson v. Railroad, 109 Mo. 431; Ryan v. McCully, 123 Mo. 636; Card v. Eddy, 129 Mo. 510; Grattis v. Railroad, 153 Mo. 380; Shehan v. Prosser, 55 Mo. App. 569; Parker v. Railroad, 109 Mo. 362; Foster v. Id., 115 Mo. 165. Numerous cases holding that trainmen working on different trains for the same railway company are fellow-servants, are collected in note c, page 1364, vol. 2, of Labatt on Master and Servant; and that is laid down as the accepted rule.

It appears clear to our minds, in view of the foregoing precedents, that the plaintiff and the motorneer whose negligence caused his injury, were fellow-servants. The judgment is, therefore, reversed. *Bland, P. J.,* and *Reyburn, J.,* concur.