HOUTS, Respondent, v. ST. LOUIS TRANSIT COM-
. PANY, Appellant.

**St. Louis Court of Appeals, December 15, 1904.**

1. **MASTER AND SERVANT: Dangerous Appliances: Knowledge
   of Master.** Where a street railway track had been defective
   and dangerous for a month or more, the street railway com-
   pany was guilty of negligence in knowing of the defect and
   not repairing it or in failing to discover that it needed repairs
   and repairing it, so as to make it liable for damages incurred
   by a conductor whose car jumped the track at that point on
   account of the defective condition.

2. ———: ———: **Contributory Negligence.** The fact that the
   conductor knew of the defective condition of the track would
   not defeat his right of recovery, unless the track was in so
   dangerous a condition as to threaten immediate injury, or if
   he might have reasonably supposed the car could be safely
   run over it by using care and caution.

3. ———: ———: **Assumption of Risk.** It was a question for the
   jury to determine whether or not the conductor assumed the
   risk.

4. ———: ———: **Negligence of Fellow-servant.** If the motor-
   man, who was the fellow-servant of the conductor, negligently
   ran the car at too high a speed over the defective portion, by
   reason of which the accident occurred, the conductor could
   not recover for the injuries.

5. PRACTICE: Amending Petition at Close of Evidence. In an action for personal injuries received by plaintiff on account of the negligence of the defendant, it was not error to permit the plaintiff at the close of the evidence to strike out one of the specific allegations of negligence in the petition.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan*, Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, George W. Easley* and *Morton Jourdan* for appellant.

(1) Defendant's demurrer to the evidence should have been sustained for the reasons: (a) The negligence, as shown by the proof, was that of the motorman, a fellow-servant, and, that being true, the plaintiff cannot recover. Godfrey v. Transit Co., 81 S. W. 1230; Sams v. Railroad, 174 Mo. 53, 73 S. W. 686; Same case, 61 L. R. A. 475; Stock v. Transit Co., 79 S. W. 1176. (b) The proof shows that the plaintiff had operated a car over the point of the accident on many occasions, and he will be charged with the knowledge of the condition of the track at the point where the car left the track; and if, having knowledge, or by the exercise of ordinary care he could have been informed as to its condition, he continued the service over the point of the accident, he will be presumed to have accepted the risk incident thereto, and is not entitled to recover. (2) The court committed error in permitting the plaintiff, at the close of his case, to amend his petition by changing the cause of action. (a) The court committed error in giving instruction numbered 1 upon the part of the plaintiff in which it authorized a recovery notwithstanding "defendant knew the condition, or by exercising reasonable care might have known it in time by reasonable care to have corrected it." Minster v. Railway, 53 Mo. App. 276; Bailey v. Railroad, 152 Mo. 449, 52 S. W. 406. (b) Error in giving instruction

numbered 2 in which the jury were told, although they found that plaintiff knew, or by the exercise of reasonable care, might have known that the track and roadbed were in an unsafe condition, yet the plaintiff was entitled to recover, unless the track was so dangerous as to threaten immediate injury. Clark's Accident Law, p. 373. (c) Error in refusing defendant's instruction numbered 5 to the effect that the plaintiff could not recover if, as a conductor, running over the point of the accident, he knew or by the exercise of ordinary care, could have known of the condition of the track, and after having such knowledge, or opportunity to know, he continued to operate the car, knowing the condition of the track. (d) Error in refusing instruction numbered 6, in which the jury were told that the plaintiff assumed all the risks growing out of or incident to the running of cars over defendant's line, if the accident was such as might occur in the operation of cars over the track at Easton and Belt, then plaintiff was not entitled to recover.

*McShane & Goodwin* for respondent.

(1) It was the duty of the defendant to have used reasonable care in providing plaintiff with a safe track over which he was required to perform his duties. Hollenbeck v. Railway, 141 Mo. 97, 38 S. W. 723, 41 S. W. 887; Henry v. Railway, 109 Mo. 493, 19 S. W. 239; Dickson v. Railway, 124 Mo. 140, 27 S. W. 476. (2) Knowledge on the part of the plaintiff of the defective condition of the track will not defeat recovery, if it was not so dangerous as to threaten immediate injury, or if he might have reasonably supposed that he could safely work on it by the use of care and caution. Huhn v. Railway, 92 Mo. 440, 4 S. W. 937; Soeder v. Railway, 100 Mo. 673, 13 S. W. 714; Mahaney v. Railway, 108 Mo. 191, 18 S. W. 895; O'Mellia v. Railway, 115 Mo. 205, 21 S. W. 503; Hurst v. Railway, 163 Mo. 309, 63

S. W. 695; Nash v. Dowling, 93 Mo. App. 156. (3) It is no defense to plaintiff's cause that the accident resulted from the negligent act of a fellow-servant when said act concurs with negligence of the master, both combining to cause the same injury, unless it is positively shown that te fellow-servant's negligence is directly attributable to plaintiff. Young v. Iron Co., 103 Mo. 324, 15 S. W. 771; Ellington v. Railway, 60 Mo. App. 697; Minster v. Railway, 53 Mo. App. 276. (4) The verdict is supported by substantial testimony, and this court will not review the finding of the jury on the facts. James v. Insurance Co., 148 Mo. 1, 49 S. W. 978; Feary v. Railway, 162 Mo. 76, 62 S. W. 452. (5) The amendment allowed plaintiff limited his case. It constituted no new cause of action, nor created any surprise. The action of the trial court was, therefore, proper. Mirrielees v. Railway, 163 Mo. 470, 63 S. W. 718. (6) A defective track of a street railway is not a risk incident to street railway business.

BLAND, P. J.—The material allegation of the petition on which the cause was tried is as follows:

"Plaintiff says that, on or about the twenty-sixth day of April, 1903, he was conductor on one of defendant's west-bound cars of the Easton avenue line; and that at or near the intersection of Easton and Belt avenues, as said car was moving in a westwardly direction, through the negligent and wrongful acts of the defendant, struck and collided with an east-bound car of the defendant causing the injury hereinafter complained of.

"For a more specific allegation of negligence plaintiff says that defendant failed to provide and maintain safe and proper tracks and roadbed upon which to run its said cars; in this, that at the point aforesaid the rails of said track were bent, spread, sunk down and unlevel; and that the track bed was uneven, hollowed and needed filling in, which defects were known, or by the exercise

of ordinary care could have been known to defendant, which said defects were unknown to plaintiff and that they were in such a position as to be unseen and unobserved by the plaintiff while he was in the discharge of his duties on said car, which said negligence on the part of defendant directly contributed to the injury herein set out. . . . .

"Plaintiff says that by reason of the negligence and wrongful acts aforesaid he was violently struck, cut, bruised and injured; that he sustained serious and permanent injuries; in this, that his skull was fractured, causing concussion of the brain; that his head was cut and bruised and his jawbone injured; that his face was cut and bruised and that ribs on both sides of his body were broken; that both of his legs were cut and bruised, left knee injured and left shin cut and gashed; that by reason of said injury his sense of hearing and sight has been permanently injured; that because of the fracture of his skull, a large portion thereof has been removed, exposing his brain, thus placing him in imminent danger at all times; that by reason of said injuries he has suffered great pain of body and anxiety of mind; that by reason of said injuries he is affected with loss of memory; that he as been and will be throughout life subject to violent headaches; that his hair is falling out and prematurely turning gray, and will likely continue to do the same for some time; that because of said injuries his earning capacity has been greatly diminished; that he has been and will be throughout life unable to pursue his usual or any occupation; and that on account of said injuries he has expended and will throughout life be compelled to expend large sums of money for doctors, medical attendance, medicines and nurses.

"Wherefore, by reason of the negligence and wrongful acts of the defendant as above set out, plaintiff has been damaged in the sum of ten thousand dol-

lars ($10,000) for which amount together with his costs herein, plaintiff prays judgment.''

The answer was a general denial and an affirmative defense, that plaintiff assumed the risk of defects in the track, also the contributory negligence of plaintiff and his fellow-servant. The affirmative defense was put in issue by a denial.

The evidence shows 'that defendant had a double railway track in the center of Easton avenue, which runs east and west in the city of St. Louis, cars travelling west run on the north track. A short distance west of where Easton avenue crosses Belt avenue, in the western part of the city the north rail of the north track, for a short distance, was so sunken and sagged as to be plainly noticeable to persons travelling over that portion of the street on defendant's cars. The track had been in this condition for a month or more prior to the day plaintiff was injured. The collision occurred in this manner: when the west-bound car, on which plaintiff was the conductor, reached the sunken portion of the track west of Belt avenue, the car trucks jumped the track sending the west end of the car to the north and the east end to the south of the track and on to or so near the south track that a passing east-bound car struck it, resulting in injury to plaintiff. The west-bound car, according to the evidence of the conductor, was travelling at an ordinary rate of speed, but according to the evidence of a female passenger it was travelling at an extraordinary rate of speed. The plaintiff and the motorman had frequently run cars over this track and knew the condition it was in. There is no evidence that cars had been derailed at this point on any previous occasion. Plaintiff testified that he was in charge of the car, and it was within his line of duty to give the motorman directions, both by word of mouth and by signal of the bell, as to the stopping and starting of his car and as to the speed at which it should be operated; that the motorman obeyed his signals, and for

that purpose, and to enable him to communicate these signals, a bell cord was strung through the car to the rear platform, and attached to a bell on the front platform occupied by the motorman; that there were no persons on the car, except the motorman and himself, who had anything to do with the operation of the car; that the car which collided with his car was under the control of a motorman and conductor. There is no evidence whatever tending to show any negligence on the part of defendant's employees in charge of the eastbound car.

The jury found a verdict in plaintiff's favor for the sum of $1,600. After taking the usual preliminary steps, defendant appealed.

1. Defendant assigns as error the giving of the following instructions in plaintiff's behalf, the first two having been asked by plaintiff, and No. 5 having been given of the court's own motion:

"1. The court instructs the jury that if you find and believe from the evidence that the defendant employed the plaintiff, as a conductor on one of the Easton avenue cars on or about April 26th, 1903, it became and was the duty of the defendant to provide the said plaintiff with a reasonably safe and sound track and roadbed over which he was required to perform his duties, and, if the defendant failed to perform its duty in this regard and did not provide the said plaintiff with a reasonably safe place in which to perform his duties, in this, that on the date aforesaid, near North Belt avenue and on said Easton avenue line defendant allowed the rails of said track to become bent, sunk down and unlevel and the roadbed to become hollowed and worn out; and if you find that this condition was not reasonably safe, and that defendant knew the condition or by exercising reasonable care might have known it in time by reasonable care to have corrected it, and that the car on which plaintiff was performing his duties in passing over that portion of the tracks ran off

or was thrown off the track by reason of the condition aforesaid, if you find it existed, and collided with a car coming in the opposite direction; and plaintiff was struck with great force and violence and injured, then your verdict must be for the plaintiff, unless you further believe that he was himself guilty of negligence which proximately contributed to his injury.

"2. The court instructs you that although you may believe from the evidence that plaintiff knew or by the exercise of ordinary care might have known, that the track and roadbed in question was in an unsafe condition (if you find that it was) and continued to use the same, yet if the said track was not so dangerous as to threaten immediate injury, or if plaintiff might have reasonably supposed that he could safely operate cars over it by the use of care and caution, he cannot be said to have assumed the risk of danger incident thereto.

"5. If you find from the evidence that the plaintiff had operated a car as conductor over the point of the accident and knew, or by the exercise of ordinary care, might have known of the condition of the track, before the accident, and that he continued to operate a car knowing the condition of the track, and as a result of running said car over said track, it collided with an east-bound car, and plaintiff was thereby injured, he is not entitled to recover, unless you find that the condition of the track was such that plaintiff might reasonably have supposed he could safely work on the cars operated thereon in which event his knowledge of the condition of the track or opportunity for such knowledge would not preclude recovery."

The refusal to give the following instructions asked by defendant is assigned as error:

"5. If you find from the evidence that the plaintiff had operated a car as conductor over the point of the accident and knew, or by the exercise of ordinary care, might have known of the condition of the track, before the accident, and that he continued to operate a

car knowing the condition of the track, and as a result of running said car over said track, it collided with an east-bound car, and plaintiff was thereby injured, he is not entitled to recover.

"6. You are instructed that the plaintiff assumed all the risks growing out of and incident to the running and operating of cars over defendant's lines, and if you find that the accident in this case which resulted in the injuries of the plaintiff was such an accident as might occur in the operation of its cars over the track at Easton and Belt avenues, then the plaintiff is not entitled to recover, and your verdict will be for the defendant."

The defendant also assigns as error the refusal of the court, at defendant's request, to instruct that under the law and the evidence plaintiff could not recover. All of these assignments of error are predicated upon the notion that plaintiff assumed whatever risk there was in running his car over the piece of defective track, and may all be disposed of in one paragraph. Defendant offered no evidence. The evidence of plaintiff shows that the track had been in a defective condition for a month or more, hence defendant was guilty of negligence in knowing of the defect and not repairing it, or of negligence in failing to discover it and make the needed repairs. We think the evidence also shows that the plaintiff, from having operated cars over the defective portion of track many times previous to the injury, knew that it was not in order; but it does not follow that he knew it was dangerous or so dangerous that he, as an ordinarily prudent man, should have refused to run a car over it. Mere knowledge on the part of plaintiff, that the track was defective, will not defeat his right of recovery if the track was not so dangerous as to threaten immediate danger, or if he might have reasonably supposed that the car could be safely run over it by using care and caution. Huhn v. Railway, 92 Mo. 440, 4 S. W. 937; Soeder v. Railway, 100 Mo. 673, 13

S. W. 714; Mahaney v. Railroad, 108 Mo. 191, 18 S. W. 895; Hurst v. Railroad, 163 Mo. 309, 63 S. W. 695; Nash v. Dowling & Cavanaugh, 93 Mo. App. 156. In such circumstances, it is a question of fact for the jury to determine, from all the facts and circumstances shown in the case, whether or not the risk assumed was an open and obvious one, threatening immediate danger, or whether or not it was of such character that plaintiff might have reasonably supposed he could, by the use of care and caution, continue to use the track in safety, and we think the evidence in the case clearly brings it within the doctrine of the cases cited above.

2. There was some evidence tending to show that the motorman ran the car on the depression in the track at an unusual and high rate of speed. On this evidence the court instructed the jury as follows:

"3. If you find from the evidence that the motorman in charge of the car knew, or might have known by the exercise or ordinary care, the condition of the track at the point of the accident, and that he negligently ran his car upon the point at which the track was sunken or depressed without slowing it down and reducing the speed to one of safety, then the plaintiff is not entitled to recover and your verdict will be for the defendant."

This instruction correctly imputed the negligence of the motorman, if he was negligent, to the conductor, for the reason they were fellow-servants. Stocks v. St. Louis Transit Co., 106 Mo. App. 130, 79 S. W. 1176; Godfrey v. St. Louis Transit Co., 107 Mo. App. 193, 81 S. W. 1230; Sams v. Railroad, 174 Mo. 53, 73 S. W. 686. There was also evidence that the car was running at an ordinary rate of speed when it jumped the track. Defendant, however, contends that under the evidence, it was conclusively shown that the motorman was negligent and for this reason the case should have been withdrawn from the jury. In order to authorize the court to take the case from the jury, the evidence should

have been so strong that reasonable minds could come to but one conclusion, to-wit, that the car was run at a negligent and high rate of speed and that it was this high rate of speed that caused it to jump the track. It is not conclusively shown that the car was running at a high rate of speed or at a speed exceeding the ordinary rate, and for this reason the question of whether or not it was running at a negligent speed was one for the jury.

3. The amendment of the petition, by striking therefrom one of the specific allegations of negligence at the close of plaintiff's evidence, did not in anywise prejudice the defendant and we are at a loss to understand on what ground the defendant assigns this action as error. We think the case was fairly tried and that the verdict is supported by substantial evidence, therefore the judgment is affirmed. All concur.