WILLIAM S. BAILEY *vs.* NEW HAVEN & NORTHAMPTON COMPANY.

In an action against a railroad corporation for running a train over the plaintiff at a crossing where there was a single track and no flagman, a witness, called as an expert by the defendants, cannot be asked what is the custom of railroads in maintaining a flagman at crossings similar to the one in question, or at crossings where there is one track.

TORT for personal injuries occasioned to the plaintiff by his being run over by a train of the defendants at a crossing of their railroad and a highway.

Bailey *v.* New Haven and Northampton Company.

At the trial in the superior court, before *Rockwell,* J., it appeared that there was but one track on the railroad; and there was conflicting evidence as to the rate of speed at which the train was running at the time and place of the accident, as to how far one could see up the track at different distances therefrom on the highway, and whether the defendants failed to give the usual signals by. bell and whistle.

The plaintiff contended that the defendants were not exercising reasonable care in omitting other precautions; as for instance, in omitting to maintain a flagman at the crossing. The defendants, for the purpose of showing that they were in the exercise of reasonable and ordinary care, proposed to two witnesses, admitted to be experts, the following questions: " What is the custom of railroads in maintaining a flagman at crossings similar to this crossing? What is the custom of railroads in maintaining a flagman at crossings where there is one track? " But the judge did not allow the questions to be put.

The jury returned a verdict for the plaintiff, and the defendants alleged exceptions.

*E. B. Gillett,* (*H. B. Stevens* with him,) for the defendants.

*G. M. Stearns,* for the plaintiff, was stopped by the court.

CHAPMAN, C. J. The point in issue was whether the defendants had used due care. The duty of each party was, as stated in *Shaw* v. *Boston & Worcester Railroad Co.* 8 Gray, 45, 66, to use such reasonable degree of foresight, skill, capacity and actual care and. diligence as to enable each to use the privilege of crossing " with due regard to the safety of all others using like precautions, skill and care, and such as a person of ordinary sense, prudence and discretion would use in regard to his own affairs under like circumstances." See also *Bradley* v. *Boston & Maine Railroad,* 2 Cush. 539.

The thing sought to be proved by these witnesses called experts was not properly a custom by which parties dealing together are bound, and which, when proved, tends to establish their rights as against each other. It was rather a practice of railroad companies as to using or omitting a certain. precautionary measure at certain crossings. But the need of a flagman depends much upon

the situation and circumstances of each particular crossing, and these must be known in order to determine intelligently whether or not there ought to be a flagman there. The practice at each crossing would therefore raise a separate collateral issue ; and if it were settled, it would not aid us in determining the issue before us.

In this case, evidence was given in respect to the track, the motion of the train and other particulars, which was pertinent to the issue, and tends to show how much the necessity of maintaining a flagman must depend upon the particular circumstances of each crossing, and also the circumstances of each occasion of crossing, and how valueless the evidence would be if it took no account of these particulars. It also tends to show that evidence which should undertake to go into these particulars would present cases so unlike, that they would not be pertinent to the issue in this case. We think the evidence was properly excluded.

*Exceptions overruled.*