PATRICK CRAVEN *vs.* ROBERT R. MAYERS & another.

Suffolk.    January 20, 1896. — February 26, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, LATHROP, & BARKER, JJ.

*Personal Injuries — Negligence — Evidence.*

An employee has no right of action against his employer for an injury received by him, if it resulted from a pure accident, and the employer's omission to guard against it was not negligence.

In an action for personal injuries occasioned to the plaintiff while he was working for the defendant in a trench, evidence of what was usually done at other places and under different circumstances is rightly excluded.

TORT, for personal injuries occasioned to the plaintiff while in the defendants' employ.    The declaration contained three counts, the first at common law, and the second and third under the employers' liability act, St. 1887, c. 270.

At the trial in the Superior Court, before *Blodgett*, J., there was evidence tending to show that the plaintiff was at the time of the accident, and for about twenty minutes before had been, at work at the bottom of a trench fourteen feet deep, helping a mason, also in the defendants' service, who was laying a drain pipe ; that the trench, which was open at the top, extended from the east sidewalk across Washington Street in Boston, to the west rail of the eastern in-bound street-car track ; that it was about eighteen inches in width at the bottom, and three or four feet at the top ; that at its westerly end an incline or tunnel sloped down from the bottom of the trench about a foot or two to the sewer, which was between the east and west tracks ; that on each side of the trench the earth had been thrown out to a height of two or three feet, extending from the sidewalk to the car track, but there was no barrier otherwise ; that between the rails of the inward track there was no earth thrown out, nor was there any barrier or covering ; that the trench was uncovered its entire length ; that the mason was just laying the first joint of pipe next the sewer, and the plaintiff had bent over, looking downward to assist the mason, this being in the line of his duty ; that while in this position the plaintiff was struck on the spine, at the back of his neck, by a boy fourteen years of

age, who fell upon him from the surface from between the rails of the street-car track as he was assisting to push across the trench a car of the West End Street Railway Company, from which the horses had been detached ; that the boy was not in the service of the West End Street Railway Company, or of the defendants, but was a volunteer ; and that it was necessary, in the usual course of the plaintiff's duty, that he should be in the position he actually was in at the time of the accident, while tending upon the mason ; and the plaintiff testified that one of the defendants, George R. Baker, was near the trench twenty minutes before the accident, and then told the plaintiff to hurry up; and that he had also been near the trench during the morning, as well as the other defendant.

It also appeared in evidence that the cars from which the horses had been detached were pushed by hand power over the trench ; that the plaintiff knew that cars had passed over the trench every few minutes during the day before and during the forenoon of the accident, and that the cars passed over the trench frequently while he was in the trench, and he knew this by the shadows which they cast; that the plaintiff during his service with the defendants, and prior thereto in the service of the water department of the city of Boston, had been in trenches in the public streets of Boston for several years, but never before the day of the accident had he been in a trench under a car track; and he testified that all trenches other than this one had been protected by barriers.

The plaintiff was asked the following questions :

" *Q.* Had you observed in the streets of Boston trenches which were open under horse-car tracks ? *A.* I did.

" *Q.* Had you observed with reference to such trenches under horse-car tracks how it was the custom to guard such tracks ? "

This question was objected to and excluded, and the plaintiff excepted.

" *Q.* Were you acquainted with the custom at that time in the city of Boston with reference to trenches which were open under the horse-car tracks, as to the manner in which they were guarded ? "

This question was objected to and excluded, and the plaintiff excepted.

At the close of the plaintiff's evidence, the judge directed a verdict for the defendants; and the plaintiff alleged exceptions.

*J. F. Wheeler*, for the plaintiff.

*J. W. Corcoran & D. B. Ruggles*, (*J. F. McDonald* with them,) for the defendants.

ALLEN, J. The plaintiff knew that horse cars would come along every few minutes and be pushed over the trench by individuals. It was not expected that his work should stop whenever a car passed, nor that the cars should stop passing there. The suggested negligence on the part of the defendants is that they did not station a watchman there to prevent volunteers from helping to push cars over the trench. It seems to us, however, that the injury to the plaintiff must be deemed to have resulted from a pure accident, and that the omission to guard against it was not negligence on the part of the defendants.

The evidence of what was usually done at other places and under different circumstances was rightly excluded. *Bailey* v. *New Haven & Northampton Co.* 107 Mass. 496. *Hinckley* v. *Barnstable*, 109 Mass. 126. *Exceptions overruled.*