## JAMES GOLDRICK *vs.* UNION RAILROAD CO.

### PROVIDENCE—JUNE 8, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

If a street railway company have the paramount right to use that portion of the street occupied by its track, the public nevertheless have the right to use the street including the part occupied by the track, and it is the duty of the company, in the running of its cars, to use due care not to injure those who may be traveling on the street.

If the traveler on the street were in the exercise of due care, the fact that an accident happened raises a presumption that the company was negligent (nothing appearing to the contrary), because of its control of the agent causing the injury, and because such accidents do not ordinarily happen without negligence.

TRESPASS ON THE CASE for negligence in running an electric car on defendant's railroad. Certified from the Common Pleas Division and heard on substantial demurrer to the declaration.

MATTESON, C. J. This is an action of trespass on the case for negligence. The declaration, in its several counts, avers in technical form that the defendant, by its servant, so carelessly and improperly drove, governed and directed one of its cars, and so carelessly and improperly managed the machinery by which it was operated, that by and through the carelessness, negligence and improper conduct of the defendant, by its servant in that behalf, and without fault or negligence on the part of the plaintiff, the car ran and

struck with great force and violence upon and against a wagon in which the plaintiff was riding, and thereby the plaintiff was cast out and thrown with great force and violence off the wagon to and upon the ground. The defendant has demurred to the declaration on the ground that it does not set forth in what particular the defendant was negligent.

We think the averment is sufficient. It is the usual averment in cases of injury by collision on a highway. *Chase* v. *American Steamboat Co.*, 10 R. I. 79; *Parker* v. *Providence & Stonington Steamship Co.*, 17 R. I. 376; *Wilson* v. *New York, New Haven & Hartford R. R. Co.*, 18 R. I. 491.

We do not see that the fact that the cars of the defendant move on fixed rails and within a prescribed track, so that they are unable to get out of the way by turning to the right or left, takes the case out of the ordinary rule. If it be conceded that the railroad company has a paramount right to use that portion of the street occupied by its track, since its cars are necessarily confined to its rails and cannot turn to the right or left, the public nevertheless also have the right to use the street, including the portion occupied by the track; and it is incumbent on the railroad company, notwithstanding its paramount right, to exercise due care in the operation of its cars not to injure those who may be traveling on the street.

The allegation contains the averment that the plaintiff was without fault or negligence, which is equivalent to saying that he was in the exercise of due care. If so, the fact that the accident happened raises a presumption that the defendant was negligent, nothing appearing to the contrary, because of its control of the agent causing the injury, and because such accidents do not ordinarily happen without negligence. *Parker* v. *The Providence & Stonington Steamship Co.*, 17 R. I. 376.

Demurrer overruled, and case remitted to the Common Pleas Division for further proceedings.

*Cyrus M. Van Slyck and Charles C. Mumford*, for plaintiff.

*David S. Baker*, for defendant.