JOHN W. FALLON *vs.* WEST END STREET RAILWAY
COMPANY.

Suffolk.    March 9, 1898. — May 20, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Negligence — Employers' Liability Act.*

A street car, operated by electricity in the usual manner cannot be said to be a
   locomotive engine on a train upon a railroad within the meaning of the employ-
   ers' liability act, St. 1887, c. 270, § 1, cl. 3.

TORT, for personal injuries occasioned to the plaintiff by rea-
son of the alleged negligence of the motorman of a street car
operated by electricity belonging to the defendant, of which car
the plaintiff was conductor.    Trial in the Superior Court, before
*Hardy,* J., who directed the jury to return a verdict for the defend-
ant; and the plaintiff alleged exceptions, which appear in the
opinion.

*C. R. Clapp,* (*H. N. Glover, Jr.* with him,) for the plaintiff.

*G. H. Mellen,* for the defendant.

MORTON, J.    The plaintiff contends that a street railway car
operated by electricity upon a street railway track is a " locomo-
tive engine or train upon a railroad," within the meaning of St.
1887, c. 270, § 1, cl. 3.    So far as any definition has been given
by statute to the word " railroad " it has been confined to rail-
roads operated by steam.    Pub. Sts. c. 112, § 1.    It is true that
this is declared to be the meaning of the word for that and the
following chapter, and that in other cases the word has been held
to include street railways.    *Central National Bank* v. *Worcester
Horse Railroad,* 13 Allen, 105.    It is also true that tracks laid for
temporary purposes, but used for locomotives operated by steam
and for cars such as are used on steam railroads, have been held
to be railroads, within the meaning of the act.    But we think
that by the words " locomotive engine or train upon a railroad "
must be understood a railroad and locomotive engines and trains
operated and run or originally intended to be operated and run in
some manner and to some extent by steam.  · This undoubtedly
was the sense in which the words were used by the Legislature

when the statute was enacted, and we do not feel justified now in giving to them the broad construction for which the plaintiff contends. Possibly a railroad, where the motive power has been changed in part or altogether from steam to electricity, or some other mechanical agency, but which retains in other respects the characteristics of a steam railroad, would come within the purview of the act. It is not necessary, however, to decide that question now. The defendant is a street railway operated by electricity, and running the usual street car in the usual manner. We think that a car belonging to it, and operated in the manner in which cars upon street electric lines usually are, cannot be said to be a locomotive engine or a train upon a railroad within the meaning of the statute in question.

*Exceptions overruled.*