## Webster Mfg. Co. v. Nisbett.

1. Master and Servant—*What the Servant Must Show in Order to Recover.*—In order to recover for defects in the appliances of the business the servant must establish by proof three propositions: First, that the appliance was defective; second, that the master had notice or knowledge thereof, or should have had; third, that the servant did not know of the defect, and had not equal means of knowing with the master.

2. Personal Injuries—*The Result of a Mere Accident.*—If, the injury is the result of a mere accident the plaintiff can not recover therefor.

Action in Case, for personal injuries. Appeal from the Superior Court of Cook County; the Hon. Samuel C. Stough, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded. Opinion filed February 13, 1900. Rehearing denied.

Statement.— December 23, 1897, appellee, an expert blacksmith, was in the employ of appellant. The injury to appellee, referred to in this case, was inflicted that day while he was engaged in such employment. The principal questions of fact are whether such injury resulted from negligence for which appellant is responsible, or because of negligence on the part of appellee, which contributed to produce such injury, or was the result of an accident for which no responsibility rests upon appellant.

At the time he was injured, appellee and his helper, a fellow servant, were working together making a forging. In doing this the appellee held upon the forging a hammer called a "flatter." The helper struck the flatter with a small sledge or heavy hand hammer. A small piece chipped off the sledge and flew and struck appellee in the left eye and destroyed the sight of that eye. Appellee and his helper had been using these tools several days. Pieces had flaked off said sledge so that it was out of order, and appellee says he knew it was out of order two days before he was hurt. He testified that about the middle of the forenoon of the day he was hurt, he pointed out to the foreman the defect

in the sledge and told him it was not safe, and asked the privilege of repairing it, and that the foreman replied, " Go ahead and use it now, and I will fix it or get Sam to fix it, only don't stop that job, it is in a hurry." This the foreman denied. About two o'clock in the afternoon of the same day appellee and his helper were again using the same tools when appellee was hurt.

Appellee had the experience and ability to repair said sledge. He testified that he was not allowed to do so without orders from his foreman. The foreman testified that it was the custom in that shop that all blacksmiths keep such tools in repair without asking for permission so to do, and this is corroborated by other blacksmiths working in the same shops where appellee was hurt. It appears that this is the general custom in that kind of shops.

J. A. POST and JOHN B. BRADY, attorneys for appellant.

FRANCIS T. MURPHY and THADDEUS S. ALLEE, attorneys for appellee; ROY O. WEST, of counsel.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

In Howe v. Medaris, 183 Ill. 288, the Supreme Court quoting from Goldie v. Werner, 151 Ill. 551, 556, state the rule relating to the liability of an employer for injuries to an employe by reason of defects in tools or machinery used, very concisely and clearly, as follows (p. 290): ·

" The rule of law in respect to the burden of proof that is imposed upon a servant in a suit against his master for injuries resulting from defective machinery, etc., is stated in section 414 of Wood on Law of Master and Servant. ' The servant, in order to recover for defects in the appliances of the business, is called upon to establish three propositions : First, that the appliance was defective; second, that the master had notice thereof, or knowledge, or ought to have had; third, that the servant did not know of the defect, and had not equal means of knowing with the master.' "

Appellee testified that he knew before he used the sledge

at the time he was hurt, that it was in such a condition that it was unsafe to use it. He can not, therefore, recover in this case, under the rule approved by the Supreme Court, and quoted above, unless he is, by law, exempted from the operation of that rule by reason of his having reported the condition of the sledge to the foreman and the statement by the foreman as to repairing the same.

Whether the statement said to have been made by the foreman referring to the sledge, "use it now, it will be repaired later," would change the situation so as to relieve the appellee from the application of the rule above quoted, it is not necessary here to determine. It was contended by appellee that the injury was the result of a mere accident. If that be so, appellee can not recover therefor. That appellee was seriously injured there is no doubt. But it does not follow from that fact alone that appellant is liable for the damages arising from such injury. There are some misfortunes and losses for which no one can be held to respond in damages.

It is contended that the injury to appellee was the result of a mere accident, and that the testimony sustained that contention. It was upon that theory and contention that appellant requested the court to give to the jury the following instruction, viz.:

"The court instructs the jury that if you believe from the evidence that the injury to the plaintiff was the result of a mere accident and neither the defendant nor the plaintiff were the cause thereof, you should find the defendant not guilty."

That instruction is quoted and objection thereto urged and argued by counsel for appellant in their printed argument, filed in this court. Counsel for appellee make no reply to this in their printed argument other than a general statement in a single paragraph in which they say, as to this and other objections to instructions urged by counsel for appellant, that every phase of the case was covered by the instruction as given. We do not find that the rule presented by said instruction is covered by any instruction which was given by the court. Under the facts and cir-

cumstances of this case said instruction should have been given.

It appears from what has been said that this judgment can not be sustained. It is therefore not deemed necessary to here review at length the numerous points and elaborate arguments presented by counsel in their printed briefs and arguments filed in this case. No question of law appears which demands consideration from this court further than has been heretofore given.

The judgment of the Superior Court is reversed and the cause is remanded for reasons expressed. Reversed and remanded.