## CLEVELAND, CINCINNATI, CHICAGO & ST. LOUIS RAILWAY COMPANY v. BEALE.

[No. 6,477. Filed December 9, 1908.]

1. APPEAL.—Briefs.—Waiver.—Points not discussed are waived. p. 589.

2. MASTER AND SERVANT.—Unsafe Appliances.—Inspection.—Railroads.—Where a railroad construction foreman ordered the plaintiff and others to erect a gin pole and hoist certain timbers, and such servants did so using a defective rope furnished, plaintiff having no knowledge of such defective condition, and the plaintiff was injured by reason of the parting of such rope, the company is liable, such foreman, under §8017 Burns 1908, Acts 1893, p. 294, §1, being a vice-principal. p. 589.

3. SAME.—Assumption of Risk.—Unsafe Appliances.—Inspection.— A servant does not assume the risk of a defective rope furnished by the master, where the defect is not apparent and he knows nothing about it, the duty of inspection being a continuing one devolving upon the master. p. 590.

4. SAME.—Appliances.—Where the master provides new appliances to be used when the old ones become defective, he has performed his duty in that regard. p. 591.

5. TRIAL.—Variance.—Negligence.—Unsafe Appliances.—Though a complaint alleges negligence in furnishing a rotten rope to an employe, no harmful error was committed in trying the case on the theory that the rope became defective through use, where there was no evidence showing that the rope was examined by the master until after the happening of the injury complained of, or that there was any change in its appearance. p. 591.

6. MASTER AND SERVANT.—Unsafe Appliances.—Absence of Foreman.—Where a foreman furnishes the servant unsafe appliances, the defects not being patent, and orders him to do certain work with them, to his injury, the master is liable, though the foreman is absent when the injury occurs. p. 591.

From Ripley Circuit Court; *Francis M. Thompson,* Judge.

Action by John L. Beale against the Cleveland, Cincinnati, Chicago & St. Louis Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*J. O. Cravens, T. S. Cravens* and *L. J. Hackney,* for appellant.

*James H. Connelley,* for appellee.

COMSTOCK, P. J.—Appellee sued for damages for injuries received by him, alleged to have been caused by a rotten guy-rope, while in the employ of appellant, in working on the construction of a bridge over appellant's railroad tracks. A demurrer for want of facts was overruled to the first paragraph of the complaint, and an answer of general denial filed thereto. The second paragraph was withdrawn. Upon the issues thus formed the cause was submitted to a jury for trial, and a verdict was returned in favor of appellee for $1,100.

Appellant asks a reversal because of the action of the court in overruling its motion for a new trial.

The reasons for a new trial which are discussed are that the verdict is not sustained by sufficient evidence, and is contrary to the law and the evidence; that the court erred in giving each of several instructions, and in refusing to give certain other instructions requested by appellant. Other reasons set out are waived by appellant's failure to discuss them.

At the time of the accident, appellant corporation was engaged in constructing a bridge about forty-five feet high over a highway crossing. In its erection, pulleys with ropes, blocks and fall were all the apparatus used. A high pole, twenty-five feet long was used as a gin pole. Three guy-ropes were attached to the top of the pole. These ropes were furnished by appellant from a tool-car. They were of Manila hemp, seven-eighths of an inch thick, were the only ropes at the place of work, and were of the

kind generally used in raising bents.    While attempting to raise a bent one of the guy-ropes broke, and one corner of the bent fell, striking another guy-rope, which in turn struck appellee, knocking him from his position to the ground, a distance of twenty-three feet, causing the injuries for which he sues.    The rope broke about eighteen inches from the top of the gin pole.    The bent was on the same level at which appellee was standing when he was struck, one end resting on a prop about six feet high.    The rope was not new.    It had been used in rolling sewer-pipe, and had thus become muddy, but it appeared to be sound, and looked like the other two guy-ropes.    It had been used the week of the accident in the erection of the bridge, and appellee was present each time it was attached during that week.    He had been engaged in erecting bridges for about two years, and on the work in question about one week.    Cooper was foreman of the gang engaged in the work.    At times he was absent, and then, under his direction, appellee acted as temporary foreman.    The accident occurred at 1 o'clock p. m. Cooper left the place at 11 o'clock a. m., and he was not present when the rope broke.    Before going he directed the hands to put the gin pole up.

Appellee was in the proper place in which to do the work. The foreman had never made an examination of the rope. Appellee did not examine the rope to see its condition.    He had seen it used in raising timbers on that bridge, but never looked at it specially.    He knew that it was used generally in raising bents, but did not know that it was defective.

In brief, the evidence shows that appellee was injured while in the line of his duty, in a place where it was proper for him to be. and while acting under instructions from his superior, by reason of the breaking of the defective rope furnished for the particular use to which it was put.    In view of appellee's own testimony, the jury was justified in finding that he had not assumed the risk.    Reasonably the duty of furnishing safe tools and ap-

pliances with which an employe is to do the work assigned him is upon the employer and is continuing. .An employe is presumed to see defects that are apparent, but he is not required to search for hidden defects. A higher degree of care in the matter of inspection rests upon the employer than upon the employe. *Parry Mfg. Co.* v. *Eaton* (1908), 41 Ind. App. 81.

There appears to have been no examination of the rope in question, or of any of the ropes used, before the accident. The uses to which they had been put were well calculated to weaken them. From the circumstances the jury might well have found appellant negligent. Under the statute, foreman Cooper was a vice-principal, and not a fellow servant of appellee. This action is brought under subdivision one of §8017 Burns 1908, Acts 1893, p. 294, §1.

That the rope furnished was defective is shown conclusively. Had it been sound when furnished, and provision made for its displacement when weakened by use, appellant would have discharged its duty. *Parry Mfg. Co.* v. *Eaton, supra.*

The point is made on behalf of the appellant that the theory of the complaint is that the negligence consisted in furnishing for use a rope which was rotten, when the case was tried on the theory that the rope became defective after its use. In view of the evidence, if this claim is well founded, appellant could not have been prejudiced, because there is no evidence of any examination of the rope until after the accident, nor of any change in its appearance from the time it was first seen by any of the witnesses.

When foreman Cooper left the work and directed appellee what to do, the ropes had already been furnished, no others were provided, and appellee had the right, in the absence of obvious defects, to rely upon their soundness. The temporary absence of the foreman did not

place appellee, a common laborer, receiving only the wages of a common laborer, in the position of vice-principal.

The verdict is not without support of evidence, and the instructions considered together correctly state the law; and, in view of the evidence, there was no prejudicial error in the refusal of the court to give those requested.

Judgment affirmed.