TIMOTHY J. DOW *vs*. BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    November 14, 1910. — January 6, 1911.

Present : KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Negligence,* Employer's liability. *Elevated Railway. Street Railway. Words,* " Elevated train."

The motorman of a surface car, operated by a corporation which also operates an elevated railway, is not a person in charge or control of an " elevated train " within the meaning of R. L. c. 106, § 71, as amended by St. 1908, c. 420, when he is running the car up an incline to discharge passengers to be transferred to trains running on the corporation's elevated railway and to receive passengers transferred to the car from trains running on such elevated railway, and, if the conductor of another like surface car, operated by the same corporation, is in-

jured through the negligence of such a motor-man while thus running the car up the incline, his only remedy is against the motorman.

Whether the provision of St. 1908, c. 420, amending R. L. c. 106, § 71, that "an elevated car which is in use by or which is in possession of an elevated railway corporation, shall be considered as a part of the ways, works or machinery of the corporation which uses or has it in possession," includes a surface car operated by a corporation, called an elevated railway company, which operates both elevated railways and surface lines, while such car is being used to connect with trains running upon the elevated structure, here was referred to as a question which did not arise in the present case.

LORING, J.   The plaintiff was the conductor of a surface car operated by the defendant running from a point in Somerville to the Sullivan Square station of the defendant in Charlestown, where it delivered passengers to and received them from the trains of the defendant running on the tracks of the elevated railway.*   This surface car ran up on an incline to a dead end in the station separate and some fifteen feet distant from the track of the defendant's elevated railway.   On the day in question the surface car of which the plaintiff was the conductor had reached the end of its run in the Sullivan Square station and the plaintiff was in the act of pulling out and fastening the fender for the return trip when he was run into by the negligence of the motorman of another surface car, who ran in for the same purpose on the same track behind the plaintiff's car.   The judge † ruled that R. L. c. 106, § 71, as amended by St. 1908, c. 420, applied to such a car, found that the motorman was negligent, that the plaintiff's damages amounted to $500, and reported the case to this court.

Unless this surface car was an "elevated train" within St. 1908, c. 420, the plaintiff's sole remedy is against the motorman whose negligence caused the injury to him.   *Fallon* v. *West End Street Railway*, 171 Mass. 249.   *McGilvery* v. *Boston Elevated Railway*, 200 Mass. 551.

The judge found that the car was not defective.   For that reason the question whether the provision of St. 1908, c. 420

_____

* It appeared from the evidence stated in the opinion in *Hillman* v. *Boston Elevated Railway*, *ante*, 478, that the Sullivan Square station also was used for the transfer of passengers from surface lines ending at and starting from that station.

† *Hardy*, J., sitting without a jury.   The accident occurred on December 7, 1908, and the writ was dated February 4, 1909.

(that "an elevated car which is in use by or which is in possession of an elevated railway corporation, shall be considered as a part of the ways, works or machinery"), applies to this surface car, does not arise.

In our opinion a surface car does not become an "elevated train" by being run up an incline to discharge and receive passengers transferred to it from trains running on the defendant's elevated railway. In accordance with the terms of the report, judgment must be entered for the defendant.

*So ordered.*

*C. S. French,* for the defendant.
*J. S. Richardson,* for the plaintiff.