## INDIANA UNION TRACTION COMPANY *v.* LONG.

[No. 21,916.    Filed November 28, 1911.]

1. MASTER AND SERVANT.—*Street Railroads.—Defective Tracks.—Employers' Liability Act.—Instructions.*—In an action by a motorman for injuries sustained when his car jumped the track because of rotten ties, an instruction that the "statute provides" (quoting the first clause of the first section of the employers' liability act [Acts 1893 p. 294, §8017 Burns 1908]), that for any defect in the condition of ways, works and machinery, the defendant is liable, is not harmful, where it is not stated that such statute governs the case, such clause being simply a reënactment of the common law.  p. 534.

2. MASTER AND SERVANT.—*Street Railroads.—Employers' Liability Act.—Constitutionality of.—When not Decided.*—The constitutionality of section one of the employers' liability act will not be decided in a case against a street railway company, where the judgment can be upheld on common-law grounds.  p. 535.

3. MASTER AND SERVANT.—*Masterial Duties.—Delegation of.*—A master's duty cannot be delegated so far as to absolve such master from liability for negligence in the performance thereof. p. 536.

4. MASTER AND SERVANT.—*Masterial Duties.—Vice-Principal.*—An agent to whom a master has delegated the performance of a masterial duty is a vice-principal. p. 536.

5. MASTER AND SERVANT.—*Vice-Principals.—Who Are.*—The character of duties delegated to a servant, and not his rank, determines whether he is a vice-principal. p. 536.

6. RAILROADS.—*Street.—Duties as to Track.*—A street railway company is under the continuing duty to its employes to use reasonable care to keep its tracks in good repair. p. 536.

7. RAILROADS.—*Street.—Decayed Ties.—Duty to take Notice of.*—Ordinary care on the part of a street railway company requires it to take notice of the liability of wooden ties to decay, and to guard against dangers therefrom. p. 536.

8. MASTER AND SERVANT.—*Street Railroads.—Defective Tracks.—Track Foremen.—Notice to.*—Notice of defective ties to a street railway company's track foreman whose duty it is to keep the track in repair, is notice to the company, such foreman being a vice-principal as to such matter. p. 537.

9. MASTER AND SERVANT.—*Railroads.—Defective Tracks.—Notice.—Time to Repair or Warn of Danger.*—Where a street railway company had knowledge, actual or constructive, of defects in the track, by reason of which plaintiff was injured, such company is liable unless it had not time within which either to repair such track or to give the plaintiff notice thereof. p. 537.

10. TRIAL.—*Instructions.—Partial.—Duties of Parties.*—Where an instruction is incomplete, but correct as far as it goes, error cannot be predicated thereon; and if the complaining party wishes the jury instructed more fully he must prepare a complete instruction on the point and request that it be given. p. 538.

11. MASTER AND SERVANT.—*Contributory Negligence.—Acts of Plaintiff.—Faults in.—Instructions.—Jury.*—An instruction that "the doing of an act by the plaintiff which materially contributed to his injuries, even if [the jury] should find from the evidence that he did any such act, would not constitute contributory negligence, unless [the jury] should find from the evidence that he was in fault in doing such act," is not erroneous, though there was evidence that plaintiff's contributory acts were with fault, the question being for the jury. p. 538.

12. MASTER AND SERVANT.—*Derailment of Car.—"Accident."—Instructions.*—The refusal to instruct that "if the cause of the derailment was a mystery, and unaccounted for by evidence in the

case" the verdict should be for defendant, was not prejudicial, where the court instructed that the plaintiff must fail "if the derailment of the car and plaintiff's injury which followed were purely accidental," the word "accident" importing the happening of an event unexpectedly and without fault. p. 540.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Action by Francis M. Long against the Indiana Union Traction Company. From a judgment on a verdict for plaintiff for $750, defendant appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590. *Affirmed.*

*James A. VanOsdol, William A. Kittinger, Warren & Warren* and *Louis B. Ewbank,* for appellant.

*Wilbur Ryman, Harry Long* and *George H. Koons,* for appellee.

Monks, J.—This action was brought by appellee, a motorman on one of appellant's street-cars, to recover damages for personal injuries sustained when his car left the track. The action was based on the theory that the street-car left the track because the rotten ties gave way, and that appellant had knowledge of the condition of the track and the ties in time to repair them, but that appellee had no knowledge of such defective condition.

A trial of the cause resulted in a verdict in favor of appellee, and over a motion for a new trial judgment was rendered in his favor.

The only error assigned and not waived calls in question the action of the court in overruling appellant's motion for a new trial.

Appellant complains of instruction eleven, given by the court, which states that "the statute provides," etc., setting out the first clause of §1 of the employers' liability

1. act of 1893 (Acts 1893 p. 294, §8017 Burns 1908), on the ground "that the act does not apply to a city street railway, or that if it does it is unconstitutional."

Said clause is a reënactment by the legislature of the

common law, as it existed in this State when said clause was passed, in reference to the employers' liability under the conditions stated therein. *Cleveland, etc., R. Co.* v. *Scott* (1902), 29 Ind. App. 519, 525, 526.

There is nothing in said instruction, or in any other instruction given by the court, to the effect that this case is governed by the employers' liability act. As appellant is liable at common law under the conditions stated in the first clause of the statute, the error, if any, in giving said instruction, is harmless. It is not necessary, therefore, to determine whether the employers' liability act of 1893 applies to street railways, and if it does, whether it is unconstitutional as to street railways. See, however, *Indianapolis, etc., Transit Co.* v. *Andis* (1904), 33 Ind. App. 625, 633-638, and cases cited; *Funk* v. *St. Paul City R. Co.* (1895), 61 Minn. 435, 63 N. W. 1099, 29 L. R. A. 208, 52 Am. St. 608; *Lundquist* v. *Duluth St. R. Co.* (1896), 65 Minn. 387, 67 N. W. 1006; *Sams* v. *St. Louis, etc., R. Co.* (1903), 174 Mo. 53, 73 S. W. 686, 61 L. R. A. 475; *Stocks* v. *St. Louis Transit Co.* (1904), 106 Mo. App. 129, 79 S. W. 1176; *Godfrey* v. *St. Louis Transit Co.* (1904), 107 Mo. App. 193, 81 S. W. 1230; *Johnson* v. *Metropolitan St. R. Co.* (1904), 104 Mo. App. 588, 78 S. W. 275; *McLeod* v. *Chicago, etc., R. Co.* (1904), 125 Iowa 270, 101 N. W. 77; *Riley* v. *Galveston City R. Co.* (1896), 13 Tex. Civ. App. 247, 35 S. W. 826; *Fallon* v. *West End St. R. Co.* (1898), 171 Mass. 249, 50 N. E. 536; *Norfolk, etc., Traction Co.* v. *Ellington's Admr.* (1908), 108 Va. 245, 61 S. E. 779, 17 L. R. A. (N. S.) 117.

Appellant complains of instruction nine, given by the court, to the effect that notice of the defect in the track, given to the track foreman who had charge of repairing the tracks, and whose duty it was to keep the tracks in repair, if proved, was notice to appellant; and of instruction thirteen, given by the court, to the effect that knowledge of defects in the track by the track foreman, whose duty it

was to keep the tracks in repair, would be notice to appellant. It is well settled in this State that duties that the master owes his servants cannot be delegated to another so as to relieve him from responsibility for the nonperformance or imperfect performance thereof. If the performance of such duties is delegated to an agent, such agent is a vice-principal as to such duties, and his negligence in such matters is the negligence of the master,' for which the master is responsible. *Chicago, etc., R. Co.* v. *Barker* (1908), 169 Ind. 670, 676, 17 L. R. A. (N. S.) 542; *Indiana, etc., R. Co.* v. *Snyder* (1895), 140 Ind. 647, 652, 653, and cases cited; 26 Cyc. 1081, 1104, 1335a, and cases cited; 3 Elliott, Railroads (2d ed.) §1276.

Whether a person is a vice-principal or a fellow servant, so as to render the master liable for his negligence by which another is injured, does not depend on his rank, but on the character of the duties conferred upon him. *Thacker* v. *Chicago, etc., R. Co.* (1902), 159 Ind. 82, 85, 59 L. R. A. 792; *Dill* v. *Marmon* (1905), 164 Ind. 507, 521, 69 L. R. A. 163, and cases cited; *Southern Ind. R. Co.* v. *Harrell* (1904), 161 Ind. 689, 695, 63 L. R. A. 460, and cases cited.

One of the duties appellant owes to its employes is to exercise ordinary care to keep and maintain its roadbed and track in a reasonably safe condition for use and this duty is a continuing one. *Chicago, etc., R. Co.* v. *Wilfong* (1910), 173 Ind. 308, 312, and cases cited; *Chicago, etc., R. Co.* v. *Barker, supra;* 26 Cyc. 1102, 1112; 3 Elliott, Railroads (2d ed.) §§1268, 1278.

Ordinary care required appellant to take notice of the liability of wooden ties to decay from time and use, and to take such measures as ordinary care and skill dictate to guard against the track's becoming unsafe on account thereof. *City of Fort Wayne* v. *Coombs* (1886), 107 Ind. 75, 88, 57 Am. Rep. 82, and cases cited; *Indiana*

*Car Co.* v. *Parker* (1885), 100 Ind. 181, 193, 194, and cases cited.

It is said in 26 Cyc. 1147: "Notice to a servant or agent who stood in the position of vice-principal, and who was charged with these duties of the master, the neglect of which occasioned the injury, is notice to the master." If appellant's track foreman was its agent to maintain and keep the track in repair, he, as to such work, was a vice-principal, and represented appellant, and notice to him as to the condition of the track was notice to appellant.

Instructions nine and thirteen, therefore, are correct statements of the law, at least so far as they go.

It is insisted, however, by appellant, that said instruction nine was erroneous under the evidence, because the only evidence of notice to appellant's track foreman was that a motorman reported the track in bad order the night before the injury, and that the track foreman went on duty the next morning about an hour before the accident occurred that caused appellee's injury.

Appellant cites the case of *Malott* v. *Sample* (1905), 164 Ind. 645, where it is held that before the master can properly be charged with negligence for failure to repair, it is necessary to show that the master had knowledge, actual or constructive, of the defect. There is nothing in the case cited to show that the instruction was erroneous. It is the law in this State, in a case like the one before us, that the employe must prove not only that the alleged defect existed, but that the employer had knowledge thereof, actual or constructive, long enough before the injury to have repaired the defect, or to have given warning to the employe, and that he failed to do so. It is held that the rule of constructive knowledge of the employer applies only to such defects as he might have discovered by the exercise of ordinary care

and diligence. *Chicago, etc., R. Co.* v. *Wilfong, supra,* and authorities cited.

It may be that appellant did not have time to repair said track after said notice was received by the track foreman, and before appellee was injured, but it does not necessarily follow that appellant did not have time to warn appellee of said defect before he was injured. The court in another instruction said, in effect, to the jury that if appellant had no knowledge of said defects in the track, and they could not have been discovered by the exercise of ordinary care in time to be repaired before appellee's injury, then appellant was not guilty of negligence, and the verdict should be for appellant. This instruction was more favorable to appellant than the law authorized, because it ignored entirely appellant's duty to warn appellee of said defect, if ascertained before the injury, and there was time to give such warning, even if there was not time to repair the track. *Chicago, etc., R. Co.* v. *Wilfong, supra,* and authorities cited.

As said instructions nine and thirteen are correct, as far as they go, they cannot be made the basis of available error. To make the failure to go the proper length available 10. error, the complaining party must make a request at the proper time and in due form for a full and complete instruction upon the particular point. Elliott, App. Proc. §736, and cases cited; *Moore* v. *Shields* (1889), 121 Ind. 267, 271; *Fitzgerald* v. *Goff* (1884), 99 Ind. 28, 40, 41; *Rauch* v. *State* (1887), 110 Ind. 384, 389; *New Castle Bridge Co.* v. *Doty* (1907), 168 Ind. 259, 266, and cases cited. What we have already said disposes of the objections to instructions sixteen, seventeen, twenty-one and thirty.

Appellant complains of instruction thirty-three, which reads as follows: ''The doing of an act by the plaintiff which materially contributed to his injuries, even if 11. you should find from the evidence that he did any such act, would not constitute contributory negligence, unless you should find from the evidence that he was

in fault in doing such act." It is an essential requirement that the act or omission of the person injured must be a negligent act or omission. It is not sufficient merely that the act or omission contributed to the injury, and it is not the contributory act but the contributory negligence that defeats recovery. *Barker* v. *Ohio River R. Co.* (1902), 51 W. Va. 423, 438, 41 S. E. 148, 90 Am. St. 808, 812, and cases cited; *Guichard* v. *New* (1895), 84 Hun 54, 59, 31 N. Y. Supp. 1080, 1083; 29 Cyc. 506.

In the case of *Nave* v. *Flack* (1883), 90 Ind. 205, 211, 46 Am. Rep. 205, 209, this court said: "A contribution to an injury does not preclude a recovery unless it was a wrongful or negligent contribution. Shearman & Redfield, Negligence (3d ed.) §28." See 1 Shearman & Redfield, Negligence (5th ed.) §85. The sections of Shearman & Redfield on Negligence cited contain the following, and it is quoted with approval in *Dufour* v. *Central Pac. R. Co.* (1885), 67 Cal. 319, 322, 7 Pac. 769: "The plaintiff's right to recover is not affected by his having contributed to his injury, unless he was in fault in so doing."

An instruction in substantially the same language was sustained in the case of *City of Wyandotte* v. *White* (1874), 13 Kan. 191, 194, 195.

In the case of *Savannah, etc., R. Co.* v. *Austin* (1898), 104 Ga. 614, 619, 30 S. E. 770, 771, the court said of the words "without fault," when used with reference to an employe: "This court has in many cases construed them to mean the same as 'without negligence,' and has used 'fault' and 'negligence' as being in this connection synonymous." See, also, *Ohio, etc., R. Co.* v. *Walker* (1888), 113 Ind. 196, 198, 3 Am. St. 638, and cases cited; *George H. Hammond & Co.* v. *Schweitzer* (1886), 112 Ind. 246, 247, and cases cited; *Evansville, etc., R. Co.* v. *Weikle* (1893), 6 Ind. App. 340, 342, and cases cited; *City of Lebanon* v. *McCoy* (1895), 12 Ind. App. 500, 502; *Goldrick* v. *Union R. Co.* (1897), 20 R. I. 128, 129, 37 Atl. 635; *Central R., etc., Co.* v. *Lanier* (1889),

83 Ga. 587, 591, 592, 10 S. E. 279, 280; 37 Cent. Dig., title, "Negligence," §83; 15 Dec. Digest, title, "Negligence," §65; 3 Words and Phrases 2703, 2704; Webster's (1910) Dict., title, "Fault," (4).

Appellant, however, claims that there was evidence to the effect that appellee, as motorman, "had entire charge of the speed at which the car was run; that he frequently ran very fast; that the track curved as it followed the river bank; that he had been warned that his car would go over into the river some day; that he was running the car at the rate of from twenty to twenty-five miles an hour on this occasion, and that the car jumped the track at a curve," and that therefore "said instruction was erroneous." It is not necessary to determine whether there was any evidence to the effect claimed by appellant, for the reason that if there was, said instruction would not be erroneous on that account. Whether appellee was guilty of contributory negligence was a question of fact to be determined by the jury from the evidence in the case, and said instruction in no way took that question from the jury, or otherwise invaded the province of the jury.

Appellant insists that the court erred in refusing to give an instruction to the effect that there could be no recovery "if the cause of the derailment was a mystery, and unaccounted for by the evidence in the case." The court did instruct the jury that "if the derailment of the car and plaintiff's injury which followed were purely accidental, then there could be no recovery." The jury were thereby informed that there could be no recovery if the injury occurred without "any known or assignable cause," that is, if the "cause of the injury was unknown." Standard Dict. title, "Accident." (1).

It is said in the case of *Osborne* v. *Van Dyke* (1901), 113 Iowa 557, 559, 85 N. W. 784, 785: "An 'accident' may be defined as an event happening unexpectedly and without fault. *Leame* v. *Bray* [1803], 3 East 593."

It has been held that the words "mere accident" or "pure accident" are understood to "exclude negligence or carelessness." *Ullman* v. *Chicago, etc., R. Co.* (1901), 112 Wis. 150, 164, 88 N. W. 41, 88 Am. St. 949, 956, 957; *Sawyer* v. *Hannibal, etc., R. Co.* (1866), 37 Mo. 240, 262, 90 Am. Dec. 382, 387; *Henry* v. *Grand Ave. R..Co.* (1893), 113 Mo. 525, 537, 538, 21 S. W. 214, 216; *Tallman* v. *Nelson* (1910), 141 Mo. App. 478, 486, 125 S. W. 1181, 1184; *Grant* v. *Union Pac. R. Co.* (1891), 45 Fed. 673, 683; *Mellville* v. *Missouri River, etc., R. Co.* (1880), 48 Fed. 820, 822, 823; *Lee* v. *Central R., etc., Co.* (1890), 86 Ga. 231, 232, 12 S. E. 307; *McEwen* v. *Central, etc., R. Co.* (1907), 127 Ga. 246, 56 S. E. 289; *Craven* v. *Mayers* (1896), 165 Mass. 271, 273, 42 N. E. 1131; *Atlantic, etc., R. Co.* v. *Caple's Admr.* (1910), 110 Va. 514, 516, 517, 66 S. E. 855, 856; *Webster Mfg. Co.* v. *Nisbett* (1899), 87 Ill. App. 551; *Barnett & Record Co.* v. *Schlapka* (1903), 110 Ill. App. 672, 682, 683; *Crutchfield* v. *Richmond, etc., R. Co.* (1877), 76 N. C. 320, 322; *Raiford* v. *Wilmington, etc., R. Co.* (1902), 130 N. C. 597, 598, 599, 41 S. E. 806.

The theory of the instruction given is that in such a case the evidence does not show that the injury was caused by the negligence of appellant as alleged in the complaint. Under the evidence, the instruction given was as favorable to appellant as the one refused. No reversible error was committed by the court in refusing said instruction.

Judgment affirmed.