## TOLEDO, ST. LOUIS AND WESTERN RAILROAD COMPANY v. COWAN.

[No. 8,926. Filed March 29, 1916.]

1. MASTER AND SERVANT.—*Employer's Liability Act.—Railroad Employes.*—The Employer's Liability Act of March 4, 1893 (§8017 Burns 1914, Acts 1893 p. 294), applies only to that class of railroad employes whose duties expose them to peculiar hazards incident to the use and operation of railroad engines and trains, and whose injuries are caused thereby; hence an employe of a railroad company engaged to break coal at a dock, and who was injured in the course of his employment by the falling of the door of a standing dump coal car which was being unloaded, was not within the provisions of the act.    p. 378.

2. MASTER AND SERVANT.—*Injuries to Railroad Employe.—Complaint.—Sufficiency.*—A complaint for injuries to an employe of a railroad company though claimed to state a cause of action

under §8017 Burns 1914, Acts 1893 p. 294, is sufficient on demurrer if it states a cause of action either under the statute or at common-law.  p. 381.

3.  MASTER AND SERVANT.—*Injuries to Servant.—Complaint.—Causal Connection.*—A complaint for injuries to a servant, to be good as a common-law action must show a causal connection between the negligence charged and the injury complained of.  p. 381.

4.  MASTER AND SERVANT.—*Injuries to Servant.—Unsafe Appliances. —Complaint.—Knowledge of Defect.*—A complaint to enforce the master's common-law liability for injuries to a servant, and based on the master's neglect with respect to safe appliances, or a safe place to work, must aver knowledge, actual or constructive, on the part of the master and want of knowledge on the part of the injured servant.  p. 381.

5.  MASTER AND SERVANT.—*Injuries to Servant.—Assumption of Risk.*—As a general rule under the common law, the servant assumes the risk of defects or dangers of which he has knowledge or of which he could have had knowledge by the exercise of ordinary care. p. 381.

6.  MASTER AND SERVANT.—*Injuries to Servant.—Fellow Servant.— Complaint.*—Under the common law, in a servant's action for personal injuries caused by the negligence of another in the employ of the common master, the complaint must show affirmatively that the negligent employe was not the fellow servant of plaintiff and it must appear that he was in the discharge of a duty which the master owed to plaintiff.  p. 382.

From Fountain Circuit Court; *I. E. Schoonover,* Judge.

Action by John M. Cowan against the Toledo, St. Louis and Western Railroad Company.  From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Charles G. Guenther, Braden Clark, Geddes Van Brunt* and *Clarence Brown,* for appellant.

*Forrest E. Livengood* and *Valentine E. Livengood,* for appellee.

HOTTEL, J.—This is an appeal from a judgment in appellee's favor for $450.  The complaint is in one paragraph.  A demurrer thereto for want of facts was overruled, and this ruling and the ruling of the court on appellant's motion for new trial are relied on for reversal and presented for our determi-

nation.. Briefly stated, the allegations of the complaint are in substance, as follows: Appellant is a corporation and controls and operates a railroad running through Vermillion County, Indiana, and in the operation thereof owns a coal dock located about one mile east of the town of Cayuga in said county. On November 5, 1909, appellee was in the employ of appellant, working at said coal dock in breaking coal and such other work as he was ordered and directed to do by the engineer who had the control of the engine and the operation of the same at the coal dock. On said date, appellee was breaking coal that was being unloaded at the dock by means of trap doors in the bottom of the coal cars. The engineer in charge of the work was in the employ of appellant and was superintending and managing the work for appellant and appellee was subject to the orders and directions of such engineer and was required to obey his orders. Appellant carelessly and negligently permitted the chain which held up one of the trap doors to become and remain broken and defective, so that the door would not remain raised and fastened after coal was emptied from the car, and the engineer, whose duty it was to see that the car was in proper shape and the door closed, instructed and ordered appellee to get under the door and hold it up while he, the engineer, mended and repaired the broken chain. In compliance with the order, plaintiff got under the door and raised it up and held it until the engineer told him that it was all right and safe and that he could safely go to work, and under said instructions and orders and with the assurance of the engineer that the chain was fixed and the place safe, which he believed to be true, he proceeded with his work of breaking coal, when the defendant by its engineer carelessly

and negligently by some means broke "said wire
and let said trap door fall upon him." Here follows
a description of the nature and extent of appellee's
injuries, etc.

It is insisted by appellant that the complaint
does not state a cause of action under the second
subdivision of the Employer's Liability Act
1. of March 4, 1893 (Acts 1893 p. 294, §8017
Burns 1914), because the allegations thereof
show that plaintiff, at the time of injury, was not
engaged in train service or exposed to the hazards
of train operation; that it does not state a cause of
action under the common law, (1) because it shows
that appellee and appellant's foreman or engineer
were fellow servants, and (2) because it fails to
show that appellee did not assume the risk which
resulted in his injury. Appellee, in effect, concedes
appellant's contention that the complaint, to be
sufficient under the second subdivision of the Em-
ployer's Liability Act, *supra*, must show that
appellee's injuries resulted from a hazard incident
to the use or operation of a train, but insists that
it is sufficient under either the first subdivision,
or the latter part of the fourth subdivision, of said
act, and sufficient under the common law. Appellee
relies on the cases of *Baltimore, etc. R. Co.* v. *Walker*
(1908), 41 Ind. App. 588, 84 N. E. 730; *Cleveland,
etc., R. Co.* v. *Beale* (1908), 42 Ind. App. 588, 86
N. E. 431; and *Indiana Union Traction Co.* v. *Long*
(1911), 176 Ind. 532, 96 N. E. 604, as supporting
his contention that his complaint is sufficient under
the first subdivision of said act, and on the cases
of *Indianapolis Union R. Co.* v. *Houlihan* (1901),
157 Ind. 494, 498, 60 N. E. 943; and on *Thacker*
v. *Chicago, etc., R. Co.* (1902), 159 Ind. 82, 64 N. E.
605, 59 L. R. A. 792, that his complaint is good

under the latter part of the fourth subdivision of such act.

The two Appellate Court cases were decided since the decision in the case of *Bedford Quarries Co.* v. *Bough* (1907), 168 Ind. 671, 80 N. E. 529, 14 L. R. A. (N. S.) 418, in which the Supreme Court first declared the act, *supra*, unconstitutional as to all corporations other than railroad corporations, but were decided before the more recent cases, hereinafter cited, which restrict the application of the statute as hereinafter indicated, and it seems that no question was raised in either of the Appellate Court cases as to the application of the statute and the court held the complaint sufficient thereunder. However, the result in those cases would have been the same whether the respective complaints therein being considered had been tested by the statute or the common law, because such subdivision of the statute does no more than reënact the common law on the subject involved. *Indiana Union Traction Co.* v. *Long, supra.* The case of *Indianapolis Union R. Co.* v. *Houlihan, supra,* which involved the sufficiency of a pleading under the second clause of the fourth subdivision of the act was decided before the case of *Bedford Quarries Co.* v. *Bough, supra,* and the later cases placed on such act the restricted construction. However, appellee could gain nothing in this case by having his complaint tested under such second clause of the fourth subdivision of the act because, as was said in *Thacker* v. *Chicago, etc., R. Co., supra,* cited by appellee, said clause of the act is not as broad as the common law and hence a complaint good under it would necessarily be good under the common law. It now seems to be settled that the benefits of the act, *supra*, are not to be extended to all railroad employes, or to any class of employes

.other than "those whose duties expose them to the peculiar hazards incident to the use and operation of railroads". In other words, the act has been construed as designed exclusively for the benefit of those who are, in the course of their employment, exposed to the particular hazards incident to the use and operation of railroad engines and trains, and whose injuries are caused thereby. *Richey* v. *Cleveland, etc., R. Co.* (1911), 176 Ind. 542, 96 N. E. 694, 47 L. R. A. (N. S.) 121; *Chicago, etc., R. Co.* v. *Lain* (1914), 181 Ind. 386, 394, 103 N. E. 847; *Indianapolis Traction, etc., Co.* v. *Kinney* (1909), 171 Ind, 612, 85 N. E. 954, 23 L. R. A. (N. S.) 711; *Cleveland, etc., R. Co.* v. *Foland* (1910), 174 Ind. 411, 91 N. E. 594, 92 N. E. 185. The Supreme Court held that this restricted construction was necessitated to prevent the act "from offending against the prohibition of our Constitution against special and class legislation." *Richey* v. *Cleveland, etc., R. Co., supra.* It follows that such construction applies to the act in its entirety, rather than to any particular subdivision thereof, as appellee's contention would imply.

Under the facts of this case, as shown by the complaint, appellee was employed to break coal at one of appellant's coal docks, and to do such other work as appellant's engineer might direct. While breaking coal, appellee was injured by a falling door on a dump coal car that was being unloaded at such coal dock. The engineer *by some means* broke the wire and let the door fall. When injured, appellee was doing nothing in connection with the operation of a train, nor did his injury result either directly or indirectly from any hazard incident to the operation of a train, switch engine, or the movement of any car on appellant's railroad. It follows, under the authorities cited,

that appellee has failed to state a cause of action under said statute. If, however, such complaint states facts sufficient to show a cause of action, either under the statute or common law, it must be held sufficient against demurrer. *Pitts-burgh, etc., R. Co.* v. *Rogers* (1910), 45 Ind. App. 230, 87 N. E. 28. We therefore next inquire whether such complaint states a cause of action under the common law. It charges that appellant carelessly and negligently permitted the chain which held up the trap door to become and remain broken and defective, but there is no causal connection alleged, or shown, between such negligence and appellee's injury. On the contrary, the averments affirmatively show that appellant's engineer, with appellee's assistance, mended and repaired such chain. Furthermore, if such causal connection were shown the complaint does not aver that appellee did not have knowledge of the broken and defective condition of the chain, but, on the contrary, it impliedly shows that he knew of its condition and assisted the engineer in repairing it. Where a cause of action is based on the master's neglect with respect to safe appliances, or a safe place to work, knowledge, actual or constructive, on the part of the master and want of knowledge on the part of the injured servant are essential averments. *Bennett* v. *Evansville, etc., R. Co.* (1912), 177 Ind. 463, 468, 470, 96 N. E. 700, 40 L. R. A. (N. S.) 963; *New Kentucky Coal Co.* v. *Albani* (1895), 12 Ind. App. 497, 40 N. E. 702; *Acme Bedford Stone Co.* v. *McPhetridge* (1905), 35 Ind. App. 79, 73 N. E. 835; *Creamery, etc., Mfg. Co.* v. *Hotsenpiller* (1900), 24 Ind. App. 122, 56 N. E. 250. While it is the duty of the master to furnish safe appliances, and a safe place to work, the servant nevertheless assumes the risk of

defects or dangers of which he has knowledge or of which he could have had knowledge by the exercise of ordinary care, except in certain cases, which for the purposes of this case, need not be noticed. *Lake Shore, etc., R. Co.* v. *Johnson* (1909), 172 Ind. 548, 88 N. E. 849; *Bennett* v. *Evansville, etc. R. Co. supra; Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 69 N. E. 669, 102 Am. St. 185; *Chicago, etc., R. Co.* v. *Glover* (1900), 154 Ind. 584, 57 N. E. 244. There is no averment that such engineer negligently and carelessly repaired, or failed to repair, such chain and knowing that it was not repaired and made safe, he carelessly and negligently directed appellee to proceed with his work, giving him no knowledge or warning of the unsafe condition in which he, the engineer, had left such chain and, so far as the complaint shows, the engineer was warranted in assuring appellee that the defect in the chain had been fixed, and that "it was all right and safe and that he could safely go to work." Indeed, the complaint impliedly proceeds on the theory that such chain was in fact repaired and that, after repairing it and telling appellee that it was repaired, *appellant's engineer by some means broke* "*said wire and let said trap door fall,*" etc. What such wire had to do with the defective chain or the repair thereof, or with the trap door is not shown, except that when the engineer broke it the trap door fell and injured appellee. The breaking of such wire may have been, and apparently was an act in no way connected with repairing the chain.

"In an action at common law against a master to recover damages in favor of a servant caused by the negligence of another in the employ of the common master, the complaint must show by affirmative averments that the negligent

employe was not the fellow servant of the person injured. To render a master liable in such a case it must appear that the negligent employe was in the discharge of a duty which the master owed to the injured servant." *Wallace* v. *Thompson* (1912), 49 Ind. App. 211, 216, 97 N. E. 26, and cases cited. The complaint under consideration does not show what the engineer was doing when he broke the wire in question. The averments may be sufficient to show that, in repairing the chain and in directing appellee, he was acting as and for the master, but an employe may act in a dual capacity, viz., as his master's representative and as his servant. *Southern Ind. R. Co.* v. *Harrell* (1904), 161 Ind. 689, 68 N. E. 262, 63 L. R. A. 460; *Indiana Union Traction Co.* v. *Pring* (1908), 41 Ind. App. 247, 83 N. E. 733.

The controlling consideration in determining whether an employe in a given case was a vice principal in respect to the negligent act charged against him as resulting in injury to another employe of the common master is, not his comparative rank, not his authority to command, and not his authority to employ and discharge the servants working under him, but whether he was, at such time, a representative of the master performing a duty which the master could not delegate to another. *Southern Ind. R. Co.* v. *Harrell, supra.* Conceding that in repairing the chain, the engineer was doing the master's work, as before stated, it appears from the averments of the complaint that such work was completed before appellee was injured, and it is impossible for the court to know from such averments what such engineer was doing when he negligently broke the wire and let the door fall on appellee, which is the negligence alleged to have caused appellee's injury, and hence, it is

impossible for the court to know from such aver-
ments whether such engineer was at such• time
doing the master's work or a servant's work. For
the reasons indicated, we are constrained to hold
that the trial court erred in overruling the demurrer
to the complaint.

The only remaining questions relate ‘to the
grounds of the motion for a new trial which
challenge the verdict of the jury as not' being
sustained by sufficient evidence, and as being
contrary ‘to law. As these questions will not
likely arise again we do not deem it necessary to
consider them. For error in overruling appellant's
demurrer to the complaint, the judgment is re-
versed with instructions to the court below to
sustain said demurrer and for further proceedings
not inconsistent with this opinion.

NOTE.—Reported in 112 N. E. 23. As to what is "accident arising
out of and in course of employment" within Employer's Liability
Act, see Ann. Cas. 1914 D 1284. As to constitutionality, applica-
tion and effect of Federal Employer's Liability Act, see 47 L. R. A.
(N. S.) 38; L. R. A. 1915 C 47. For a discussion of employes within
meaning of statute abrogatory fellow servant doctrine as to employes
of railroads, see 11 Ann. Cas. 924; 17 Ann. Cas. 514. See, also,
under (1) 26 Cyc 1360; (3) 26 Cyc 1389; (4) 26 Cyc 1390, 1397, 1399;
(5) 26 Cyc 1196; (6) 26 Cyc 1394.